IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3103-D

| | | |
|---|---|---|
| KENNETH TRIVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA AND | ) | |
| CORRECTIONS OFFICER DIAZ, | ) | |
| | ) | |
| Defendants. | ) | |

Kenneth Trivett ("plaintiff" or "Trivett"), a federal inmate, brings this action against the United States of America and Corrections Officer Diaz ("Diaz") (collectively "defendants") [D.E. 1, 6]. Trivett asserts claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics ("Bivens"), 403 U.S. 388 (1971) [D.E. 1], and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 6]. On December 9, 2009, defendants moved to dismiss or, in the alternative, for summary judgment [D.E. 30]. Because defendants attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). On December 10, 2009, the court notified Trivett about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 32]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 19, 2010, Trivett filed a response in opposition [D.E. 36]. Since filing suit, Trivett also has filed two motions to appoint counsel [D.E. 37, 41], two motions for entry of default [D.E. 23, 33], a motion to strike defendants' motion for an extension of time to answer the complaint ("motion to strike") [D.E. 28],[1]

---

[1] The court granted defendants' motion for an extension of time to answer [D.E. 24].

a motion for judgment on the pleadings [D.E. 26], a motion to stay a decision on defendants' motion for summary judgment pending exhaustion ("motion to stay") [D.E. 38], and a motion to offer proof of exhaustion ("motion to offer proof") [D.E. 40].

As explained below, the court grants defendants' motion for summary judgment [D.E. 30], dismisses plaintiff's Bivens claim without prejudice for failure to exhaust, and dismisses plaintiff's FTCA claim for lack of subject-matter jurisdiction. The court denies as moot plaintiff's motions for default [D.E. 23, 33], motion to strike [D.E. 28], motion for judgment on the pleadings [D.E. 26], motion to stay [D.E. 38], motions to appoint counsel [D.E. 37, 41], and motion to offer proof [D.E. 40].

I.

From February 21, 2007, through June 2, 2009, Trivett was incarcerated at the Federal Correctional Complex in Butner, North Carolina ("FCC-Butner" or "Butner"). Defs.' Mem. Supp. Mot. Summ. J. ("Mem. Supp."), Cox Decl. ¶ 5.[2] Trivett's claims arise out of an injury which he alleges occurred while working in food services at FCC-Butner. On May 5, 2007, Trivett contends that Diaz, an acting food supervisor, instructed two inmate-co-workers to change the shortening in the deep fryers. Am. Compl. 4–5, 9. Trivett states that Diaz issued the order even though he knew that the necessary equipment was in disrepair. Id. at 9. In the process of changing the shortening, Trivett's co-workers allegedly spilled grease onto the floor. Id. Trivett claims that Diaz covered the grease spill with a large piece of cardboard. Id. Although Trivett knew that Diaz had ordered the inmates to change the shortening, he denies being present during the spill. Id. Several hours later,

---

[2]Trivett is imprisoned at the United States Penitentiary in Allenwood, Pennsylvania. See Fed. Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited June 24, 2010).

2

Trivett claims that he entered the kitchen, slipped on the grease, and fell. See id. at 4, 9. Trivett admits that he noticed the cardboard, but denies knowing about the spilled grease. Id. at 9. After his fall, Trivett went to the prison infirmary, where he received a painkiller and permission to miss work the following day. See id. at 5.

On May 7, 2007, a physician's assistant examined Trivett and allowed a thirty-day convalescence period. See id. On May 17, 2007, Trivett received an MRI. Id. at 8. According to Trivett, the MRI revealed that he had sustained damage to his spine due to the fall on May 5, 2007. See id. Trivett states that he subsequently received a lumbar fusion to alleviate pain and pressure related to herniated discs and pinched nerves. Id.

During his thirty-day convalescence period, Trivett received worker's compensation benefits. Id. at 5–6, 8. At the end of this period, Trivett asserts that he was forced to return to work in spite of his injury. Id. at 8. Trivett states that he returned to work to avoid an incident report. Id. at 5. Thereafter, Trivett claims that he received a medical release from work for the remainder of the year, but was denied additional worker's compensation benefits. Id. at 8. Because of his brief return to work at the end of the first convalescence period, Trivett claims that prison officials rejected his compensation request, claiming that his injuries could not be attributed to the May 5, 2007 fall. Id. Trivett seeks $10,000,000.00 in damages from defendants. Id. at 5.

Trivett asserts that Diaz knew about the grease spill and appreciated its risks, but was negligent and deliberately indifferent to Trivett's safety. Id. at 8, 9. Trivett also claims that his injuries resulted from the United States' failure to provide safe and working equipment, and he alleges that the government wrongfully denied him worker's compensation benefits. See id. at 8.

On February 11, 2010, and on June 14, 2010, Trivett filed a motion to appoint counsel [D.E. 37, 41]. Trivett asserts that court-appointed counsel is necessary because he is incarcerated, indigent,

3

and lacks knowledge of and access to the law and the abilities to present this complex case. See First Mot. Appt. Counsel 1; Second Mot. Appt. Counsel 1–2. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Trivett's claims are straightforward, and the case does not present exceptional circumstances. Moreover, Trivett presents his claims proficiently. Trivett fails to establish the exceptional circumstances necessary to support his requests. Accordingly, the court denies Trivett's motions to appoint counsel [D.E. 37, 41].

Next, the court addresses defendants' motion for summary judgment [D.E. 30]. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted and emphasis removed).

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving

4

party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002) (holding that the exhaustion requirement applies to prisoners suing under Bivens). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Federal Bureau of Prisons ("BOP") provides a sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15.

> First, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP-9 form. The BP-8 and BP-9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director within twenty calendar days of the

5

> date the Warden signed the response, using a BP-10 form. 28 C.F.R.
> § 542.15(a). The inmate may appeal an adverse decision by the
> Regional Director to the Central Office of the BOP using a BP-11
> form.

Hill v. Haynes, No. 08-7244, 2010 WL 2182477, at *1 n.1 (4th Cir. June 2, 2010) (per curiam) (unpublished).

The failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Here, defendants move for summary judgment, in part, because Trivett failed to exhaust his administrative remedies on his Bivens claim before filing suit. See Mem. Supp. 3–4, 7–11. In support of the motion for summary judgment, defendants rely on the declaration of Lynnell Cox, a paralegal specialist with the BOP. See Cox Decl. ¶ 1. Cox reviewed Trivett's official BOP file. See id. ¶¶ 2–5, 13. Trivett's BOP records reveal that he filed several administrative-remedy requests, while designated at Butner. See Mem. Supp. 4–7; Cox Decl. ¶ 9.

According to Cox, on January 7, 2009, Trivett filed an administrative-remedy request with the Warden at FCI Butner-II regarding an injury that he allegedly sustained when he slipped and fell on an unreported grease spill (Remedy ID 521581-F1). Cox Decl. ¶ 12. The Warden rejected his request on the same day. Id. As of December 9, 2009, Trivett had not re-filed the request or appealed the rejection. Id.[3] In sum, Cox notes that "[b]ased upon [her] review of inmate Trivett's

---

[3]Cox identified two additional claims, the administrative remedies for which Trivett fully exhausted while at Butner. On September 7, 2007, Trivett reported that Corrections Officer McKnight, the evening food-service supervisor, mistreated, harassed, and discriminated against him (Remedy ID 465803-F1). See Cox Decl. ¶ 10; id. Attach. 7. The Warden rejected the request, and Trivett unsuccessfully appealed the rejection to the Mid-Atlantic Regional Director (Remedy ID 465803-R1). Id. ¶ 10; see id. Attach. 8, 9. On January 10, 2008, the Central Office denied the appeal (Remedy ID 465803-A1). See id. ¶ 10, see also id. Attach. 10. Trivett's second fully

administrative[-]remedy requests, he has not exhausted his administrative remedies through the BOP's Administrative Remedy Program, with regard to a work-related injury that occurred in May of 2007 while incarcerated at [FCC-]Butner." Cox Decl. ¶ 13. Trivett agrees that he did not fully exhaust his Bivens claim before filing suit on August 6, 2008. See Pl.'s Resp. Mot. Summ. J. ("Pl.'s Resp.") 3; Pl.'s Mot. Stay 1; Pl.'s Mot. Offer Proof 1–2.

Although a prisoner who fails to exhaust the required remedial procedure is normally considered to have failed to exhaust available remedies, "an administrative procedure is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. In his motion to offer proof, Trivett states that although he made several attempts to complete the process before filing suit, "for one reason or another [he] was unable to finish." Mot. Offer Proof 1. However, Trivett does not explain his failure to exhaust his administrative remedies before filing the complaint. Cf. Hill, 2010 WL 2182477, at *2–5. In addition, the administrative-remedy process was available to Trivett during his incarceration at Butner, as evidenced by his complete exhaustion of two unrelated claims. See Cox Decl. ¶¶ 10–11. Accordingly, Trivett's failure to exhaust administrative remedies as to his Bivens claim is not excused because such remedies were available.

Trivett alleges that exhaustion is now complete and asks the court to proceed. See Mot. Offer Proof 2. However, exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. Section 1997e(a) expressly requires an inmate to exhaust his

---

exhausted claim involved a request for lost wages as a result of an injury that allegedly occurred on February 19, 2006, when Trivett was incarcerated at another BOP facility (Remedy ID 501877-F1). Id. ¶ 11. On July 24, 2008, Trivett filed an administrative-remedy request with the Warden at Butner (Remedy ID 501877-F1). Id. The Warden rejected his request, and the Mid-Atlantic Regional and Central Offices denied his appeals (Remedy ID 501877-R1; Remedy ID 501877-A1). Id.

administrative remedies before filing suit. See 42 U.S.C. § 1997e(a). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003) (collecting cases); see, e.g., Hayes v. Stanley, 204 Fed. Appx. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Rippy v. North Carolina, No. 5:08-CT-3006-H, slip op. at 4 (E.D.N.C. May 14, 2009) (unpublished) (dismissing complaint "[b]ecause plaintiff was in the process of exhausting his administrative remedies when he filed th[e] action"), aff'd, 341 Fed. Appx. 898 (4th Cir. 2009) (per curiam) (unpublished). Otherwise, "permitting exhaustion pendente lite undermines the objectives of section 1997e(a)." Johnson, 340 F.3d at 627–28. Trivett failed to exhaust his administrative remedies before filing suit on his Bivens claim. Accordingly, the court grants defendants' motion for summary judgment and dismisses plaintiff's Bivens claim without prejudice under 42 U.S.C. § 1997e(a).[4]

As for Trivett's FTCA claim, the United States concedes that Trivett exhausted his administrative tort-claim remedies for his purported injuries from May 5, 2007. See Mem. Supp. 4. Trivett filed an administrative tort claim under 28 U.S.C. § 2672 on November 23, 2007 (claim number TRT-MXR-2008-01813). Id.; Cox. Decl. ¶ 6; see Cox. Decl. Attach. 3. In his claim, Trivett alleges that on May 5, 2007, he injured his spine after falling due to a grease spill in Butner's food-service area. Cox Decl. ¶ 6. On January 24, 2008, the BOP Mid-Atlantic regional counsel

---

[4] The Fourth Circuit has not addressed whether an inmate may maintain a Bivens action based on work-related injuries. Moreover, there is a split among the circuits on this issue. See Culbreath v. Spears, No. 1:07-CV-113, 2009 WL 2424794, at *4 (N.D. W. Va. Aug. 5, 2009) (collecting cases). This court does not address the issue in this order.

8

denied the FTCA claim and advised Trivett that his remedy for his alleged injuries is under the Inmate Accident Compensation Act ("IACA"). See 18 U.S.C. § 4126; 28 C.F.R. §§ 301.301, et seq.; Cox Decl. ¶ 7 & Attach. 4. On February 3, 2008, Trivett again filed an administrative tort claim, alleging that he sustained an injury as a result of the May 5, 2007 negligence of a BOP employee. Cox Decl. ¶ 8; see id. Attach. 5. On February 8, 2008, the BOP Mid-Atlantic regional counsel interpreted the claim as a request for reconsideration of Trivett's preceding administrative-remedies claim, denied the FTCA claim, and reiterated that Trivett's proper course was under the IACA. Id.

Under the IACA, Congress authorized Federal Prison Industries, Inc., to compensate inmates for "injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see 28 C.F.R. § 301.319. The IACA precludes recovery under the FTCA for a prisoner's work-related injuries and is the exclusive remedy for a federal prisoner who is injured on the job. See United States v. Demko, 385 U.S. 149, 152–53 (1966); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) ("[Section 4126] is a prisoner's exclusive remedy against the United States for work[-]related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work[-]related injuries."); see also, e.g., Hairston v. Gonzales, No. 5:07-CT-3078-D, 2008 WL 2761315, at *4 (E.D.N.C. July 11, 2008) (unpublished); Culbreath, 2009 WL 2424794, at *6; Webb v. Lappin, No. 1:07-CV-1203-LO, 2008 WL 4360995, at *4 (E.D. Va. Sept. 22, 2008) (unpublished); Ezebuihe v. U.S. Dep't of Justice, No. 5:07-CV-75, 2008 WL 3850739, at *2 (N.D. W. Va. Aug. 15, 2008) (unpublished).

Trivett contends that the IACA does not apply. See Pl.'s Resp. 2. According to Trivett, "food services" is not a prison industry. Id. In addition, Trivett argues that "[a]lthough [he] was at his assigned work station at the time of his injury, the injury was not work related and the injury was

9

caused as [a] result of defendant Diazs' [sic] negligence." Id.

The IACA's regulations define "work-related injury" as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). "[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam). Trivett's amended complaint makes clear that he seeks compensation for an alleged work-related injury. See Am. Compl. 4, 8 ("On May fifth [sic] 2007, [w]hile working in the food[-]service area of the Butner Federal Correctional Institution, [Trivett] . . . [f]ell in [a] grease spill."). In his administrative-remedies claim, Trivett also reported that his alleged injury occurred while working in the food-service area. See Cox Decl., Attach. 3 at 25. Moreover, Trivett admits that he received worker's compensation benefits as a result of the incident. Am. Compl. 5, 8. Because Trivett sustained his alleged injury while performing his work assignment, the IACA bars plaintiff's recovery under the FTCA. Thus, the court lacks subject-matter jurisdiction to proceed on this claim, and grants defendants' motion for summary judgment on plaintiff's FTCA claim.[5]

II.

In sum, the court DENIES plaintiff's motions to appoint counsel [D.E. 37, 41]. The court GRANTS defendants' motion for summary judgment [D.E. 30]. The court DISMISSES plaintiff's Bivens claim without prejudice for failure to exhaust administrative remedies and DISMISSES plaintiff's FTCA claim for lack of subject-matter jurisdiction. The court DENIES as moot plaintiff's motions for default [D.E. 23, 33], motion for judgment on the pleadings [D.E. 26], motion to strike [D.E. 28], motion to stay [D.E. 38], and motion to offer proof [D.E. 40]. The Clerk of Court is

---

[5]Having concluded that it lacks subject-matter jurisdiction over Trivett's FTCA claim, the court need not address defendants' contention that Trivett's FTCA claim is time-barred.

DIRECTED to close this case.

SO ORDERED. This 24 day of June 2010.

*[signature]*
JAMES C. DEVER III
United States District Judge